COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-176-CR
  
  
STEVEN 
RILEY SISK                                                               APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
  
  
------------
 
FROM 
THE 213TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Steven Riley Sisk appeals from the trial court’s order denying forensic DNA 
testing.  We affirm.
Factual and 
Procedural Background
        On 
October 27, 1994, Appellant was convicted of capital murder and sentenced to 
confinement for life.  This court affirmed Appellant’s conviction on July 
3, 1996.[2]  Appellant filed a motion for 
post-conviction forensic DNA testing on February 28, 2003.  The State did 
not file a response, and it does not appear that the trial court held a hearing 
on Appellant’s motion for forensic DNA testing.  The trial court denied 
the motion, and the order included the following language:
  
[Defendant’s] pleadings merely show that DNA testing would reveal an absence 
of DNA evidence linking [defendant] to offense. This is insufficient to require 
testing.
 
        In 
one point, Appellant asserts that the trial court improperly considered his 
guilt in denying the DNA testing request.  In his argument, Appellant 
further contends that article 64.03 of the Texas Code of Criminal Procedure 
specifically provides for DNA testing if the applicant would not have been 
convicted if exculpatory results had been obtained through forensic DNA 
testing.  See Kutzner v. State, 75 S.W.3d 427, 438-39 (Tex. 
Crim. App. 2002).
Standard of 
Review
        In 
reviewing a trial court’s decision on a motion for forensic DNA testing, we 
employ a bifurcated standard of review.  We afford almost total deference 
to a trial court’s determination of issues of historical fact and application 
of law to fact issues that turn on credibility and demeanor while reviewing de 
novo other applications of law to fact issues.  See Whitaker v. State, 
No. 74612, 2004 WL 63981, at *2-3 (Tex. Crim. App. Jan. 14, 2004); Rivera v. 
State, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002), cert. denied, 124 S. 
Ct. 27 (2003).
Discussion
        There 
is no indication in the appellate court record that the trial court improperly 
considered Appellant’s guilt in denying his request for forensic DNA testing. 
Chapter 64 of the Texas Code of Criminal Procedure requires that Appellant 
establish that there exists a reasonable probability that exculpatory forensic 
DNA testing of the evidence for which he seeks testing would prove his 
innocence.  Tex. Code Crim. Proc. 
Ann. art. 64.03(a)(2)(A) (Vernon Supp. 2004-05).  It is insufficient 
to argue that the presence of a defendant’s DNA indicates guilt, and the 
absence of DNA indicates innocence.  Rivera, 89 S.W.3d at 60.
        Any 
absence of evidence containing Appellant’s DNA would not indicate his 
innocence given the other evidence connecting him to this crime.  First, 
the police arrested Appellant after a traffic stop where he was a passenger in 
the victim’s truck.  Sisk, No. 02-94-00502-CR, slip op. at 
2.  Second, Appellant admitted being present when the victim was 
killed.  Id. at 8.  Finally, a friend of Appellant’s 
testified that Appellant told her that “he was afraid they were going to be 
arrested for killing that man for that truck.”  Id. at 7.  We 
hold the trial court properly denied Appellant’s request for post-conviction 
forensic DNA testing because he failed to show how testing the requested items 
would exculpate him as required by chapter 64 of the Texas Code of Criminal 
Procedure.  See Tex. Code 
Crim. Proc. Ann. art. 64.03(a)(2)(A).
        In 
addition to lack of exculpation, the trial court could have denied Appellant’s 
request for forensic DNA testing because identity was not and is not an 
issue.  Appellant admitted being present when the victim was killed and 
admitted helping drag the victim’s body into the weeds.  Sisk, No. 
02-94-00502-CR, slip op. at 7-9.  Accordingly, identity was not and is not 
an issue in this case.  See Morris v. State, 110 S.W.3d 100, 103 
(Tex. App.—Eastland 2003, pet. ref’d) (trial court properly denied DNA 
testing as identity not being at issue where the appellant admitted involvement 
in attack on the victim even though he denied intercourse occurred).
Conclusion
        Appellant 
failed to meet the requirements of article 64.03 to establish that new forensic 
DNA testing would exculpate him and that his identity was or is at issue.  
Therefore, the trial court did not err in denying Appellant’s forensic DNA 
testing request.  See id.  We overrule Appellant’s sole point 
and affirm the trial court’s judgment.
   
                                                                  PER 
CURIAM
   
 
PANEL 
F:   HOLMAN, GARDNER, and WALKER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
September 30, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Sisk v. State, No. 02-94-00502-CR (Tex. App.—Fort Worth July 3, 1996, 
pet. ref’d) (not designated for publication), cert. denied, 520 U.S. 
1232 (1997).